[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12840
Non-Argument Calendar

_____

Agency No. A205-254-041

MARIO MARES-CRUZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 9, 2016)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Mario Mares-Cruz, a native and citizen of Mexico, petitions this court to

review the decision of the Board of Immigration Appeals (BIA) decision affirming the order of an Immigration Judge (IJ) denying his applying for asylum and withholding of removal.  In the brief filed in support of his petition, petitioner argues that the BIA and IJ erred in finding he did not establish a nexus between his asserted persecution and a statutorily protected ground, "membership in a particular social group."[1]  Immigration and Nationality Act ("INA) § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  He also argues that the IJ erred in finding that his testimony was not credible.

## I.

We review our subject matter jurisdiction *de novo*.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  This Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as a matter of right."  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA.  *Amaya-Artunduaga*, 463 F.3d at 1249-50.  This is true even where the BIA has elected to address an issue *sua sponte*.  *Id.* at 1250-51.  The petitioner must have argued "the core issue on appeal" before the BIA, and although the exhaustion requirement does not mandate well-developed

---

[1] The particular group appears to be petitioner's family.  His father owned a business in Guerrero, Mexico, and a criminal group, known as Los Zetas, insisted that his father pay them law large sums of money.  His father refused, and criminals kidnapped him.  Petitioner and his siblings paid the criminals the ransom they demanded for their father's return, but after accepting the money, they killed him.

2

arguments and precise legal terminology, it requires the petitioner "provide information sufficient to enable the BIA to review and correct any errors below." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). "Unadorned, conclusory statements do not satisfy this requirement." *Id.*

However, we do not have jurisdiction to review petitioner's argument that the agency erred in finding he had not established a nexus between his fear of persecution and the statutory grounds of his membership in a particular social group. In both his notice of appeal and his brief to the BIA, petitioner only argued that the IJ incorrectly made an adverse credibility ruling. Because he did not argue the core issue of nexus on appeal to the BIA, and only made a conclusory statement that was insufficient to allow the BIA to review and correct any errors as to the issue of nexus, he did not exhaust the argument, and this Court lacks jurisdiction to review the BIA's *sua sponte* finding that he had not, in fact, met the nexus requirement. *Indrawati*, 779 F.3d at 1297; *Amaya-Artunduaga*, 463 F.3d at 1250-51. Accordingly, we dismiss the petition as to that claim.

## II.

When the BIA issues a separate decision, we review only that decision, "except to the extent that [the BIA] expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* This Court, however,

3

will not review the IJ's decision as to an issue not addressed by the BIA. *INS v. Ventura*, 537 U.S. 12, 16-17, 123 S. Ct. 353, 355-56, 154 L. Ed. 2d 272 (2002).

Here, the BIA did not address IJ's adverse credibility finding. Instead, the BIA assumed, for purposes of its decision, that petitioner's testimony was credible. Because the BIA did not address or expressly adopt the IJ's adverse credibility finding, we cannot review the IJ's decision on that issue. *Al Najjar v. Ashcroft*, 257 F.3d at 1284. Accordingly, we deny the petition as that claim. *Lopez*, 504 F.3d at 1344.

DISMISSED in part, and DENIED in part.